**RECORD NO. 13-4720**

IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOSHUA JACQUIS DUAMS,

*Defendant-Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT ALEXANDRIA

---

**OPENING BRIEF OF APPELLANT
JOSHUA JACQUIS DUMAS**

---

FELDMAN and FELDMAN
Attorneys at Law
626 Reckson Plaza
West Tower, Sixth Floor
Uniondale, New York 11556
(516) 522-2828
reversalzz@aol.com

Arza Feldman
*Counsel for Appellant*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . i

STATEMENT OF SUBJECT MATTER
     AND APPELLATE JURISDICTION . . . . . . . . . . . . . 1

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

POINT I:

     THE APPELLATE WAIVER WAS LEGALLY
     I N S U F F I C I E N T   A N D ,   H E N C E ,
     UNENFORCEABLE. . . . . . . . . . . . . . . . . . . . . . . . . 7

POINT II:

     ALTHOUGH TRIAL COUNSEL WAS
     INEFFECTIVE FOR FAILING TO FILE A
     NOTICE OF APPEAL, THE GOVERNMENT
     NEVER OBJECTED TO THE UNTIMELY *PRO SE*
     NOTICE OF APPEAL, DESPITE REPEATED
     OPPORTUNITIES TO DO SO, HENCE WAIVING
     ITS RIGHTS, BUT, EVEN IF WAIVER DOES
     NOT APPLY BECAUSE IT MIGHT BE ABLE TO
     OBJECT IN ITS BRIEF, THIS APPEAL SHOULD
     STILL BE HELD IN ABEYANCE, AS A MATTER
     O F   J U D I C I A L   E C O N O M Y ,   WHILE
     APPELLANT'S *STRICKLAND* CLAIM IS
     LITIGATED, IN A §2255 MOTION, BEFORE THE

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA . . . . . . . . . . . .  16

POINT III:

WHERE APPELLANT, A 21-YEAR-OLD, WITH
NO CRIMINAL OR MENTAL HEALTH
HISTORY, WAS REQUIRED TO PARTICIPATE
IN A MENTAL HEALTH TREATMENT
PROGRAM AS A SPECIAL CONDITION OF
SUPERVISED RELEASE, THE DISTRICT
COURT COMMITTED PLAIN ERROR,
BECAUSE THIS WAS NOT REASONABLY
RELATED TO THE FACTORS SET FORTH IN 18
U.S.C. §§ 3553(A)(1) AND (A)(2)(B)-(D)  . . . . . . . .  25

POINT IV:

DESPITE DEFENSE COUNSEL'S PROTEST
THAT, CONTRARY TO THE CLAIM IN THE
PRE-SENTENCE INVESTIGATION REPORT,
DUMAS WAS NOT A MEMBER OF A GANG,
THE DISTRICT COURT FAILED TO RESOLVE
THIS RULE 32(I)(3)(B) OBJECTION . . . . . . . . . . . .  36

CONCLUSION:

FOR THE REASONS STATED IN POINT I, THE
APPELLATE WAIVER IS UNENFORCEABLE;
FOR THE REASONS STATED IN POINT II, THIS
COURT SHOULD HEAR THE APPEAL, BUT, IF
IT DEEMS THE NOTICE OF APPEAL
UNTIMELY, SHOULD HOLD THE APPEAL IN
ABEYANCE, PENDING A *STRICKLAND*-BASED
§2255 PETITION BECAUSE TRIAL COUNSEL'S
FAILED TO FILE A NOTICE OF APPEAL,
DESPITE A REQUEST TO DO SO, AND, FOR
THE REASONS STATED IN POINTS III AND IV,

APPELLANT'S SENTENCE SHOULD BE
VACATED AND REMANDED . . . . . . . . . . . . . . . .  44

REQUEST FOR ORAL ARGUMENT . . . . . . . . . . . . . . . .  45

CERTIFICATE OF COMPLIANCE WITH
TYPEFACE AND LENGTH LIMITS
PURSUANT TO FRAP 32(A)(7)(c) . . . . . . . . . . . .  46

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . .  47

<u>TABLE OF AUTHORITIES</u>

**FEDERAL CASES**

*Eberhart v. United States*, 546 U.S. 12, 126 S. Ct. 403,
163 L. Ed. 2d 14 (2005) . . . . . . . . . . . . . . . . . . . . . . . 18

*Lizardo v. United States*, 619 F.3d 273 (3d Cir. 2010) . . . . 18

*Olano v. United States*, 507 U.S. 725, 732-37,
113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) . . . . . . . . . 34

*Rice v. Rivera*, 617 F.3d 802 (4th Cir. 2010) . . . . . . . . . . . 18

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052,
80 L. Ed. 2d 674 (1984) . . . . . . . . . . . . . . . . . . . . . . . 22

*United States v. Alston*, 722 F.3d 603, 606 n. 4
(4th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Amaya-Portillo*, 423 F.3d 427
(4th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Arellano-Gallegos*, 387 F.3d 794
(9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Armel*, 585 F.3d 182 (4th Cir. 2009) . . . . . . 26

*United States v. Berridge*, 74 F.3d 113 (6th Cir. 1996) . . . . 29

*United States v. Blick*, 408 F.3d 162 (4th Cir. 2005) . . . . . . . 8

*United States v. Bolden*, 325 F.3d 471 (4th Cir. 2003) . . 39, 40

*United States v. Borrero-Acevedo*, 533 F.3d 11
(1st Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

i

*United States v. Byfield*, 522 F.3d 400
(D.C. Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*United States v. Cereceres-Zavala*, 499 F.3d 1211
(10th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

*United States v. Chandia*, 675 F.3d 329 (4th Cir. 2012) . . . . 39

*United States v. Dominguez Benitez*, 542 U.S. 74,
124 S. Ct. 2333, 159 L. Ed. 2d 157 (2004) . . . . . . . . 13

*United States v. Dotson*, 324 F.3d 256 (4th Cir. 2003) . . . . . 24

*United States v. General*, 278 F.3d 389 (4th Cir. 2002) . . . . . 8

*United States v. Hirsch*, 207 F.3d 928 (7th Cir. 2000)  21, 22, 23

*United States v. Iversen*, 90 F.3d 1340 (8th Cir. 1996) . . . . . 28

*United States v. Johnson*, 410 F.3d 137 (4th Cir. 2005) . . . . . 9

*United States v. Kent*, 209 F.3d 1073 (8th Cir. 2000) . . . . . . 31

*United States v. Mackins*, 315 F.3d 399 (4th Cir. 2003) . . . . . 3

*United States v. Marbley*, 81 F.3d 51-53 (7th Cir. 1996) . . . 23

*United States v. Marin*, 961 F.2d 493 (4th Cir. 1992) . . . . . . 8

*United States v. Mitchell*, 518 F.3d 740 (10th Cir. 2008)  19, 20

*United States v. Morgan*, 942 F.2d 243 (4th Cir. 1991) . . . . 38

*United States v. Moussaoui*, 591 F.3d 263
(4th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*United States v. Muhammad*, 478 F.3d 247
(4th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*United States v. Murdock*, 398 F.3d 491 (6th Cir. 2005) . . . 13

*United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007) . . 16

*United States v. Pruden*, 398 F.3d 241 (3d Cir. 2005) . 30, 32

*United States v. Reyes*, 759 F.2d 351 (4th Cir. 1985) . . . . . . 17

*United States v. Singletary*, 471 F.3d 193
(D.C. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Teeter*, 257 F.3d 14 (1st Cir. 2001) . . . . . . . 13

*United States v. Urutyan*, 564 F.3d 679 (4th Cir. 2009) . 18-19

*United States v. Vonn*, 535 U.S. 55, 122 S. Ct. 1043,
152 L. Ed. 2d 90 (2002) . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Walker*, 29 F.3d 908 (4th Cir. 1994) . . . 38, 40

*United States v. White*, 492 F.3d 380 (6th Cir. 2007) . . . . . . 37

*United States v. Wiggins*, 905 F.2d 51 (4th Cir. 1990) . . . . . . 8

*United States v. Williams*, 977 F.2d 866 (4th Cir. 1992) . . . 17

*United States v. Worley*, 685 F.3d 404 (4th Cir. 2012) . . . . . 33

**FEDERAL RULES AND STATUTES**

18 U.S.C. § 2252(A)(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

iii

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §2255 . . . . . . . . . . . . . . . . . . . . 16, 17, 22, 23, 24

Fed. R. App. P. 4(b) . . . . . . . . . . . . . . . . . . . . . 18, 19, 20, 23

Fed. R. Crim. P. 11(b)(1)(N) . . . . . . . . . . . . . . . . . . 9, 13, 14

Fed. R. Crim. P. 32(i)(3)(B) . . . . . . . . . . . . 2, 6, 37, 39, 41, 43

18 U.S.C. § 3583(d)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

18 U.S.C. §§ 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

18 U.S.C. §§ 3553(a)(1) . . . . . . . . . . . . . . . . . . . 3, 26,30, 33

18 U.S.C. §§ 3553(a)(2)(b)-(d) . . . . . . . . . . . . . 3, 25, 30, 33

18 U.S.C. § 3553(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 29

18 U.S.C. § 3583(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

§ 3553(a)(2)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

§ 3553(a)(2)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Federal Rule of Criminal Procedure 11 . . . . . . . . . . . . . . . . 9

18 U.S.C. § 3742 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

## UNREPORTED CASES

*United States v. Brame*, 448 Fed. Appx. 364, 366
        (4th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

*United States v. Chase*, 354 Fed. Appx. 795, 798
        (4th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

iv

*United States v. Dickerson*, 410 Fed. Appx. 635, 636
    (4th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Hampton*, 365 Fed. Appx. 803
    (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*United States v. Napier*, 463 F.3d 1040, 1045
    (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*United States v. Hopson*, 203 Fed. Appx. 230
    (10th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . 27, 31

*United States v. Johnson*, 184 Fed. Appx. 746, 749
    (10th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . 37, 42

*United States v. Knox*, 2013 U.S. App. LEXIS 14567
    (4th Cir. July 18, 2013) . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Lispscomb*, 494 Fed. Appx. 314,
    315-316 (4th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . 41

*United States v. Morton*, 499 Fed. Appx. 310, 311
    (4th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Rawls*, 2013 U.S. App. LEXIS 24200
    (4th Cir. December 5, 2013) . . . . . . . . . . . . . . . . . . . . 8

*United States v. Robinson*, 486 Fed. Appx. 357
    (4th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Robinson*, 2013 U.S. App. LEXIS 21643
    (4th Cir. October 24, 2013) . . . . . . . . . . . . . . . . . . . . 17

*United States v. Rucker*, 395 Fed. Appx. 970, 972 n.1
    (4th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Simpson*, 470 Fed. Appx. 183, 184
(4th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Steele*, 126 Fed. Appx. 752, 754
(7th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*United States v. Tolbert*, 459 Fed. Appx. 541, 547
(6th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

*United States v. Willis*, 2000 U.S. App. LEXIS 2445
(7th Cir. February 16, 2000) . . . . . . . . . . . . . . . . . . . . 22

vi

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

1. The basis for subject matter jurisdiction in the District Court was 18 U.S.C. § 3231.

2. The basis for jurisdiction in the Court of Appeals is 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

3. The district court entered judgment on June 7, 2013, and Appellant filed a *pro se* notice of appeal on September 24 2013.

4. This appeal is from a final judgment that disposes of all claims with respect to Joshua Jacquis Dumas

1

## STATEMENT OF ISSUES

1. Was the appellate waiver legally insufficient and, hence, unenforceable?

2. Where the government never objected to the untimely *pro se* notice of appeal, despite repeated opportunities to do so, did it waive its rights and, if not, should this appeal be held in abeyance, as a matter of judicial economy, while Appellant's *Strickland* claim is litigated, in a §2255 motion, before the district court?

3. Where Appellant, a 21-year-old, with no criminal or mental health history, was required to participate in a mental health treatment program as a special condition of supervised release, was this plain error because it was not reasonably related to the factors set forth in 18 U.S.C. §§ 3553(a)(1) and (a)(2)(b)-(d)?

4. Despite defense counsel's protest that, contrary to the claim in the pre-sentence investigation report, Dumas was not a member of a gang, did the district court fail to resolve this rule 32(i)(3)(b) objection?

2

## STATEMENT OF THE CASE

Appellant appeals from a plea of guilty, entered on June 7, 2013, in the United States District Court for the Eastern District of Virginia (Hon. Leonie M. Brinkema), of Engaging in a Child Exploitation Enterprise, in violation of 18 U.S.C. § 2252(A)(g), together with a sentence of 239 months' imprisonment.

## STATEMENT OF FACTS

Dumas pleaded guilty, on March 18, 2013, to Engaging in a Child Exploitation Enterprise, in violation of 18 U.S.C. § 2252(A)(g) (J. A. 49).

During the plea, the district court told Dumas that, in the plea agreement, " ... you are knowingly waiving your right to appeal both your conviction and any sentence as long as the sentence is not more that what is provided for by the statute * * * Do you understand that?" (J. A. 27 - 28). The Court added that, "[i]f you file an appeal, the Court of Appeals would dismiss it *automatically* because of this plea agreement" (J. A. 20)(emphasis added). The Court then said if he pleaded not guilty, and was found guilty at trial, he could " ... appeal that finding of guilt to a higher-level court" (J. A. 39).

Although the pre-sentence report stated that Dumas " ... reported no history of psychological or psychiatric treatment and there is no documented evidence to suggest otherwise" (J. A. 105, ¶ 121), the district court nonetheless told him that, as a special condition of supervised release, " ... you will have to satisfactorily

4

participate in such mental health treatment as directed by the Probation Office" (J. A. 62).

When the district Court asked if there were any "factual corrections ... or deletions" to the pre-sentence report, defense counsel said there was a "major one" (J. A. 53). After reading in the pre-sentence report that Dumas allegedly had gang affiliations, namely, "Cold Blooded Cartel (CBC), which is an affiliation [sic] of the Bloods" (J. A. 80), counsel said " ... my client does dispute being a member of a gang ...." (J. A. 53). The Court replied: "All right. Now, the guidelines as calculated by the Probation Office were based on an offense level of 46" (J. A. 53).

Appellant was then sentenced, on June 7, 2013, to 239 months' imprisonment (J. A. 68). Dumas asked defense counsel to " ... file [the notice] immediately after my sentencing date of June 7, 2013," but she failed to do so. After waiting about three and a half months, without word from counsel, Dumas filed his *pro se* notice of appeal on September 24 2013.

## SUMMARY OF ARGUMENT

There are two procedural issues and two issues on the merits. First, the appellate waiver was legally insufficient, because the district court failed to establish that Appellant understand the import of the waiver.

Second, while Appellant's *pro se* notice of appeal was untimely, the government waived any timeliness objection when, even though it had numerous opportunities to object on appeal, it failed to do so.

On the merits, the district court ordered Appellant, a 21-year-old, with no criminal or mental health history, to participate in a mental health treatment program as a special condition of supervised release--even though the probation report specifically said he had no mental health problems.

The district court also failed to resolve Appellant's Rule 32(i)(3)(b) objection that, contrary to the claim in the pre-sentence investigation report, Dumas was not a member of a gang.

6

ARGUMENT

POINT I

THE APPELLATE WAIVER WAS LEGALLY INSUFFICIENT AND, HENCE, UNENFORCEABLE.

Dumas pleaded guilty, on March 18, 2013, to Engaging in a Child Exploitation Enterprise (J. A. 49). At his plea, the district court only briefly raised the truncated appellate waiver three times. First, it said that, in the plea agreement, " ... you are knowingly waiving your right to appeal both your conviction and any sentence as long as the sentence is not more that what is provided for by the statute * * * Do you understand that?" (J. A. 27 - 28). The Court added, "[i]f you file an appeal, the Court of Appeals would dismiss it *automatically* because of this plea agreement" (J. A. 28)(emphasis added). The Court then said if he pleaded not guilty, and was found guilty at trial, he could " ... appeal that finding of guilt to a higher-level court" (J. A. 39).

This appellate waiver was both inadequate and misleading, It does not establish that the waiver was knowing, intelligent and voluntary, it is, therefore, unenforceable.

7

This Court reviews a defendant's waiver of appellate rights *de novo*. *United States v. Rawls*, 2013 U.S. App. LEXIS 24200 * 2 (4th Cir. December 5, 2013)("We review a defendant's waiver of appellate rights *de novo*"); *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

Of course, a defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). Yet the waiver will only be enforced " ... if [it] is the result of a knowing and intelligent decision to forgo the right to appeal." *United States v. Amaya-Portillo*, 423 F.3d 427, 430 (4th Cir. 2005)(internal quotation marks omitted).

To determine whether the waiver is knowing and intelligent, this Court looks to "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002)(internal quotation marks omitted).

8

Generally, if the district court fully questions the defendant about the waiver during the Federal Rule of Criminal Procedure 11 plea colloquy,[1] the waiver will be deemed valid and enforceable. *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Robinson*, 486 Fed. Appx. 357 (4th Cir. 2012)("if the district court fully questions the defendant about the waiver during the Federal Rule of Criminal Procedure 11 plea colloquy, the waiver is valid and enforceable.").

Here, the waiver is invalid for numerous reasons. First, the district court never fully questioned the defendant about the appellate waiver. The questioning, in fact, comprised a single page in a 43 page plea transcript. *Compare United States v. Moussaoui*, 591 F.3d 263, 294 (4th Cir. 2010)("We also find significant the extensive discussion regarding Moussaoui's waiver of appellate rights ...."). There is, therefore, no reasonable

---

1. Rule 11(b)(1)(N) provides that, before accepting a defendant's guilty plea, the court "must address the defendant personally in open court" and "inform [him] of, and determine that [he] understands, the following: ... (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."

9

way for this Court to divine if Dumas understood the import of the waiver. *Compare United States v. Dickerson*, 410 Fed. Appx. 635, 636 (4ᵗʰ Cir. 2011)("the district court made only cursory mention of Dickerson's appellate waiver, thus failing to discuss the particular terms of the waiver and to question [him] to ensure his understanding of those terms.").

Second, Appellant, a 21-year-old ninth-grade dropout, with no prior federal prosecution and a Criminal History Category of I, was clearly not a sophisticated, seasoned defendant (J. A. 11).

Third, even though the district court told Appellant he was waiving his right to appeal, it never told him that its decision on the length of the sentence was final.

Fourth, the district court never asked the defendant what *he* understood the waiver to mean, in his own words. *Compare Moussaoui*, 591 F.3d at 294 (" ...Moussaoui confirmed his understanding that a guilty plea precluded his raising constitutional arguments on appeal.").

10

Fifth, the district court never asked Dumas if the appellate waiver was voluntary or coerced. Absent any indicia of voluntariness, this Court should not enforce the waiver.

Sixth, the court never asked Dumas if he had discussed the appeal waiver with counsel. Nor did it ask counsel if she had discussed the waiver with Dumas, or even if she felt he understood it, notwithstanding his youth and inexperience.

Seventh, and finally, the district court misstated the procedural course of an appellate waiver. The Hon. Leonie M. Brinkema induced Appellant's plea by informing him that "[i]f you file an appeal, the Court of Appeals would dismiss it *automatically* because of this plea agreement" (J. A. 28)(emphasis added). That is wrong. It implies--falsely--that the presence of an appellate waiver in a plea agreement is tantamount to a lock on the doors of the clerk's office.

In fact, this Court has no such rule. Neither this--nor any other Circuit Court--"automatically" dismisses an appeal--even with an appellate waiver. To do so would preclude appellate litigation on a procedurally dispositive issue of the sufficiency of

11

the waiver, and the consequent viability of the remaining issues on the merits, as here.

The district court implied--incorrectly--that an appellate waiver is a self-executing procedural event. Of course, an appellate waiver is simply part of the appellate process, and its sufficiency is often contested on appeal. *See, e.g., United States v. Knox*, 2013 U.S. App. LEXIS 14567 * 1-2 (4th Cir. July 18, 2013)("This court will not enforce an otherwise valid appeal waiver against a defendant if the government breached the plea agreement containing that waiver")(citation and internal quotation marks omitted). There is nothing automatic about the enforceability of the appellate waiver. The district court's misstatement about the procedural impact of the appellate waiver might have prevented the defendant from making a knowing and voluntary waiver of his rights.

While this Court has never ruled that an unpreserved challenge to the sufficiency of an appellate waiver is subject to plain error review, others have. *United States v. Borrero-Acevedo*, 533 F.3d 11 (1st Cir. 2008)("We apply, for the first time, the

12

Supreme Court's recent plain error decisions to a defendant's unpreserved claim of Rule 11(b)(1)(N) error as to a waiver of appeal clause at the change-of-plea hearing. *See United States v. Dominguez Benitez*, 542 U.S. 74, 124 S. Ct. 2333, 159 L. Ed. 2d 157 (2004); *United States v. Vonn*, 535 U.S. 55, 122 S. Ct. 1043, 152 L. Ed. 2d 90 (2002); *cf. United States v. Teeter*, 257 F.3d 14 (1st Cir. 2001). In doing so, we join the other circuits to have considered the question and hold that the plain error standard applies to unpreserved claims of violations of Fed. R. Crim. P. 11(b)(1)(N), albeit our understanding of the plain error rule seems to differ from some. *See, e.g., United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005); *United States v. Arellano-Gallegos*, 387 F.3d 794, 797 (9th Cir. 2004). The defendant must show, as part of his demonstration that his substantial rights were affected, a reasonable probability that he would not have entered the plea had the error not been made.").

In this Circuit, "[t]o establish plain error, [Dumas] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Muhammad*,

13

478 F.3d 247, 249 (4th Cir. 2007). Even if Dumas satisfies these requirements, "correction of the error remains within [this Court's] discretion, which [it will] not exercise ... unless the error seriously affect[s] the fairness, integrity or public reputation of [sic] judicial proceedings." *Id*. (internal quotation marks omitted).

Here, all the requirements are met. Because the district court failed to ask almost any questions about the appellate waiver, there was an error that was obvious. The error will affect Appellant's substantial rights because he has two vitally important issues on the merits–whether he requires mental health treatment and is a member of a gang–which, if waived, will severely impinge on his rights both in a federal correctional center, and on supervised release. This Court should exercise its discretion in reaching these issues on the merits because it would be unfair to invoke a plain error analysis where there is a Rule 11(b)(1)(N) appellate waiver violation, particularly where it has never done so.

Taken together, it cannot be said, with any requisite assurance, that Appellant's surrender of his appellate rights was

14

sufficiently informed. The Court should thus reach Dumas's claims on the merits. *Manigan*, 592 F.3d at 628 ("Simply put, we are unable in these circumstances to enforce the appellate waiver"); *United States v. Rucker*, 395 Fed. Appx. 970, 972 n.1 (4th Cir. 2010)("We note that Rucker's plea agreement contained an appellate waiver. The Government concedes, however, that the district court did not address the waiver with Rucker during his Rule 11 colloquy and, in fact, suggested to Rucker that he could appeal. Accordingly, the Government concedes that the waiver is unenforceable and we may proceed to the merits of Rucker's appeal.").

POINT II

ALTHOUGH TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A NOTICE OF APPEAL, THE GOVERNMENT NEVER OBJECTED TO THE UNTIMELY *PRO SE* NOTICE OF APPEAL, DESPITE REPEATED OPPORTUNITIES TO DO SO, HENCE WAIVING ITS RIGHTS, BUT, EVEN IF WAIVER DOES NOT APPLY BECAUSE IT MIGHT BE ABLE TO OBJECT IN ITS BRIEF, THIS APPEAL SHOULD STILL BE HELD IN ABEYANCE, AS A MATTER OF JUDICIAL ECONOMY, WHILE APPELLANT'S *STRICKLAND* CLAIM IS LITIGATED, IN A §2255 MOTION, BEFORE THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA.

Judgment was entered against Joshua Jacquis Dumas on June 7, 2013. He stated in his *pro se* notice of appeal that he had asked defense counsel to " ... file [the notice] immediately after my sentencing date of June 7, 2013," but she failed to do so.[2]

_____

[2]. The proven failure of defense counsel to file a notice of appeal, when requested, constitutes ineffective assistance of counsel. *United States v. Poindexter*, 492 F.3d 263, 265 (4th Cir. 2007)("Walter Poindexter filed a motion pursuant to 28 U.S.C. § 2255, contending ... that his attorney rendered constitutionally ineffective assistance when he failed to file a timely notice of appeal after being unequivocally instructed to do so. In denying Poindexter's motion without an evidentiary hearing, the district court declined to resolve the factual dispute concerning whether Poindexter unequivocally instructed his attorney to file a timely notice of appeal * * * [W]e hold that an attorney renders

After waiting about three and a half months, without word from counsel, Dumas filed his own notice of appeal on September 24 2013.

"In criminal cases, a defendant must file his notice of appeal within fourteen days after the entry of judgment." *United States v. Robinson*, 2013 U.S. App. LEXIS 21643 * 1 (4th Cir. October 24, 2013). The district court may grant an extension of up to thirty days to file a notice of appeal--with or without a

---

constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a timely notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement. Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion.").

Here, the notice of appeal, which is within the four corners of the appellate record, conclusively shows ineffective assistance of counsel. Yet if the notice of appeal does not resolve the *Strickland* claim, there is a question of fact about whether Appellant directed defense counsel to file the notice of appeal. In that event, the proper resolution of this issue would be in a §2255 proceeding, rather than on direct appeal. *United States v. Williams*, 977 F.2d 866, 871 (4th Cir. 1992)("it is well[-]settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance")(internal quotation marks omitted).

17

motion--upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); *United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985).

Critically, appeal periods are not jurisdictional in criminal cases, but are court-prescribed "claims-processing rules" that do not affect this court's subject matter jurisdiction. *See Rice v. Rivera*, 617 F.3d 802, 810 (4th Cir. 2010)(stating that non-statutory claim-processing rules are not jurisdictional). "These claim-processing rules thus assure relief to a party properly raising them." *Eberhart v. United States*, 546 U.S. 12, 19, 126 S. Ct. 403, 163 L. Ed. 2d 14 (2005).

The "question [of] whether [a defendant's] notice of appeal was timely is a question of law over which [a Circuit Court] exercise[s] plenary review." *Lizardo v. United States*, 619 F.3d 273 (3d Cir. 2010)(*quoting DL Res., Inc. v. FirstEnergy Solutions Corp.*, 506 F.3d 209, 213 (3d Cir. 2007).

Where a defendant's notice of appeal is untimely under Fed. R. App. P. 4(b), this court still has jurisdiction to hear his appeal because the rule is nonjurisdictional. *United States v.*

18

*Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009)("we conclude that the non-statutory time limits in Appellate Rule 4(b) do not affect subject-matter jurisdiction"); *United States v. Chase*, 354 Fed. Appx. 795, 798 (4th Cir. 2009)("Time limits set forth in Rule 4(b) are non-jurisdictional.").

Regardless, on the facts of this case, the government forfeited its untimeliness objection; hence, the appeal should not be dismissed as untimely.

The government has had countless opportunities to enforce the time limits under Rule 4(b), but has not done so. For example, it did not object when Dumas filed his notice of appeal on September 24, 2013. Again, it did not raise the issue when it moved to dismiss the appeal on November 8, 2013. Nor did it address the issue when appellate counsel opposed its motion to dismiss the same day, or even when counsel sought an extension of time within which to perfect the appeal on December 16, 2013. It thus waived this issue on appeal. *United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008)("In this case the government never objected to the untimeliness of Mitchell's notice of appeal [in its

19

brief] and, as a result, forfeited its opportunity to ensure enforcement of the rule"); *Cf. United States v. Simpson*, 470 Fed. Appx. 183, 184 (4th Cir. 2012)(*citing United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008)(stating that the time limit in Rule 4(b) "must be enforced by th[e] court when properly invoked by the government.").

Concededly, there is no rule, order, internal procedure, or published guidance from the Fourth Circuit court on when the government must object to the untimeliness of an appeal under Rule 4(b). Nor is there a provision in the Federal Rules of Criminal Procedure or the Federal Rules of Appellate Procedure that requires a party to address the untimeliness of an appeal by filing a motion to dismiss.

Yet at least one Circuit Court has a rule which provides that "[a]ny motion which, if granted, would dispose of the appeal or petition for review in its entirety, or transfer the case to another court, must be filed within 45 days of the docketing of the case in this court." *United States v. Singletary*, 471 F.3d 193, 196 (D.C. Cir. 2006)(Circuit Rule 27(g)(1)). Clearly, no such rule exists in

20

the Fourth Circuit, and, while the D.C. Circuit has ruled the government may object in its brief, *United States v. Byfield*, 522 F.3d 400, 402 (D.C. Cir. 2008)("[h]ere, the government's objection was proper because it was raised in the government's initial brief"),[3] that still does not end the issue in this Court.

In fact, this Court has never decided a published or unpublished case in which the government was permitted to move to dismiss an appeal, based on an appellate waiver--while ignoring an untimely notice of appeal. Judicial economy demands that even when the Government moves to dismiss an appeal, based on an appellate waiver, it must also oppose an untimely notice of appeal, rather than engage in piecemeal litigation.

Assuming, *arguendo*, that this Court finds the Government's response is not untimely, " ... dismissal does not bring proceedings to a close; quite the contrary." *United States v. Hirsch*, 207 F.3d 928 (7th Cir. 2000). Indeed, because Appellant said he asked defense counsel to file the notice of appeal, and she

---

[3]. *Byfield* is distinguisable because the government never moved to dismiss in that case based on an appellate waiver.

21

did not, he can maintain a *Strickland*-based[4] 28 U.S.C. §2255

claim in district court. *Id*. ("Strict enforcement of a rule meant to

expedite appellate resolution will breed delay, for Hirsch is not

out of options. He may now file a motion under 28 U.S.C.

sec.2255, contending that Forsyth's failure to ensure that the clerk

followed through deprived Hirsch of the assistance of counsel

guaranteed by the sixth amendment."). "If the district court finds

that [defense counsel] was asleep on the job [and failed to file a

notice of appeal], then the court must vacate the judgment and

reimpose the sentence to permit an appeal." *Id*. *See also United

States v. Steele*, 126 Fed. Appx. 752, 754 (7th Cir. 2005)("Steele

blames his lawyer for the untimely filing. Although Steele's

argument may have merit, this ineffective-assistance claim must

be presented first to the district court in a collateral attack");

*United States v. Willis*, 2000 U.S. App. LEXIS 2445 (7th Cir.

February 16, 2000)("Mr. Willis failed to file a timely notice of

appeal following his guilty plea. Proceeding *pro se*, he filed a

---

[4]. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052,
80 L. Ed. 2d 674 (1984).

22

motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, claiming that his attorney did not file a notice of appeal on his behalf despite his asking her to do so. On that basis, the district court vacated its original judgment and commitment order and resentenced Mr. Willis so that he could file a new notice of appeal * * * We are satisfied that appellate jurisdiction exists ....")(citations omitted).

Because this multi-step process introduces unwarranted delay into the appellate process,[5] appellate counsel respectfully

_____

[5]. *Hirsch*, 207 F.3d at 931 (" ... this multi-step process poorly serves the interests of both defendants and the judicial system. We are sending this opinion to the Judicial Conference's Standing Committee on Rules of Practice and Procedure so that the bodies charged with proposing changes to the federal rules may consider whether it would be prudent to amend either Criminal Rule 32(c)(5) or Appellate Rule 4(b)(4) .... Perhaps it would be beneficial to amend Appellate Rule 4(b)(4) to provide that an appeal is timely if, within 10 days after being sentenced, a criminal defendant informs either court or counsel of his desire to appeal."). *See also United States v. Marbley*, 81 F.3d 51-53(7th Cir. 1996)("We are not happy with this result * * * It might be better to permit untimely appeals in any criminal case in which the district judge and the court of appeals agreed that the appeal should be heard.").

Notably, appellate counsel is not permitted to file a bifurcated appeal, in which she obtains a ruling first on the twin procedural issues, before reaching those on the merits. In fact, if

requests that this court hold the appeal in abeyance, appoint counsel to file a *Strickland*-based §2255 motion, and order her admitted *pro hac vice* to the Eastern District of Virginia, solely for the purpose of vacating the judgment and reimposing the sentence to permit a timely appeal.

---

counsel does not raise the two issues on the merits, they would be deemed waived on appeal. *United States v. Morton*, 499 Fed. Appx. 310, 311 (4th Cir. 2012)(" ... in his opening brief, Morton fails to properly raise this issue and has therefore forfeited appellate review"). Nor can counsel raise an issue for the first time in a reply brief. *United States v. Alston*, 722 F.3d 603, 606 n. 4 (4th Cir. 2013)("Alston raises this argument for the first time in his reply brief and did not raise it before the district court. His argument is therefore waived."). The net result is that, by failing to move to dismiss the appeal based on the appellate waiver and the untimely notice of appeal at one time, defense counsel is forced to potentially waste time on addressing the issues on the merits.

24

<u>POINT III</u>

WHERE APPELLANT, A 21-YEAR-OLD, WITH NO CRIMINAL OR MENTAL HEALTH HISTORY, WAS REQUIRED TO PARTICIPATE IN A MENTAL HEALTH TREATMENT PROGRAM AS A SPECIAL CONDITION OF SUPERVISED RELEASE, THE DISTRICT COURT COMMITTED PLAIN ERROR, BECAUSE THIS WAS NOT REASONABLY RELATED TO THE FACTORS SET FORTH IN 18 U.S.C. §§ 3553(A)(1) AND (A)(2)(B)-(D).

Although the pre-sentence report stated that "[t]he defendant reported no history of psychological or psychiatric treatment and there is no documented evidence to suggest otherwise" (J. A. 105, ¶ 121), the district court still, as a special condition of supervised release, said " ... you will have to satisfactorily participate in such mental health treatment as directed by the Probation Office" (J. A. 62).

"District courts have broad latitude to impose conditions on supervised release," and, as a result, this Court reviews such conditions only for abuse of discretion. *United States v. Dotson*, 324 F.3d 256, 259, 260 (4ᵗʰ Cir. 2003). The sentencing court may impose any condition "reasonably related" to the factors referred

25

to in 18 U.S.C. § 3583(d)(1), which include "the nature and circumstances of the offense and the history and characteristics of the defendant," *id*. § 3553(a)(1); "protect[ing] the public from further crimes," *id*. § 3553(a)(2)(C); and "provid[ing] the defendant with needed ... medical care[ ] or other correctional treatment," *id*. § 3553(a)(2)(D). Yet special conditions must "involve[ ] no greater deprivation of liberty than is reasonably necessary" to achieve the goals enumerated in § 3553(a). 18 U.S.C. § 3583(d)(2).

"Although the discretion thus conferred is broad," an appellate court "will carefully scrutinize unusual and severe conditions." *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009)(*quoting United States v. Sofsky*, 287 F.3d 122, 126 (2d Cir. 2002)(internal quotation marks omitted). "The [district] court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence ...." 18 U.S.C. § 3553(c). "Accordingly, the court must explain the rationale for the special conditions it imposes." *Armel*, 585 F.3d at 186 (citations omitted).

A challenge to conditions of supervised release is generally

26

reviewed *de novo*, but this Court reviews claims for plain error where, as here, defense counsel failed to raise them at sentencing before the district court.

### The District Court Committed Plain Error when it Ordered Mental Health Treatment as a Condition of Supervised Release.

Although the pre-sentence report stated that Dumas " ... reported no history of psychological or psychiatric treatment and there is no documented evidence to suggest otherwise" (J. A. 105, ¶ 121), the district court nonetheless told him that, as a special condition of supervised release, " ... you will have to satisfactorily participate in such mental health treatment as directed by the Probation Office" (J. A. 62).

Because there was no basis to impose this condition, either because of the defendant's characteristics, or the nature of the crime, this was improper. *United States v. Hopson*, 203 Fed. Appx. 230 (10th Cir. 2006)("[the] judge abused his discretion in ordering mental health treatment because that condition of probation and the attendant deprivation of liberty were not reasonably related to the offense of conviction or any other

27

relevant sentencing factor, as required by 18 U.S.C. §§ 3553 and
3563.").

      This is not a case where the district court found a history of
mental illness, or the defendant stated he needs mental health
treatment. *Compare United States v. Hampton*, 365 Fed. Appx.
803 (9th Cir. 2010)(" ... Hampton specifically requested mental
health treatment during her pre-sentence interview and the record
reflects that she had become 'seriously depressed' as a result of
the abuse she suffered as a child. Thus, 'the court had reason to
believe [Hampton] would benefit from a mental health evaluation
and possible treatment.' *United States v. Napier*, 463 F.3d 1040,
1045 (9th Cir. 2006)); *Compare United States v. Iversen*, 90 F.3d
1340, 1343-44 (8th Cir. 1996)(concluding that the imposition of
psychiatric or psychological treatment as a special condition of
probation was justified by a statement in the presentence report
that the defendant's "family and friends had expressed concerns
as to 'the emotional toll' on [the defendant] from various legal
disputes" and the defendant's statement that the conviction felt

28

"like the end of her life as she knows it")(quoting the presentence report)).

As a preliminary matter, the district court procedurally erred because it never stated its rationale for this special condition. *See* 18 U.S.C. § 3553(c)("The [district] court, at the time of sentencing, [must] state in open court the reasons for its imposition of the particular sentence, including its rationale for mandating special conditions of supervised release"). Nor could it, because none exists.

While a district court's failure to explain its reasons for imposing a special condition will be deemed harmless error if such reasons are clear from the record, *United States v. Berridge*, 74 F.3d 113, 119 (6th Cir. 1996), here, in fact, the condition is flatly contradicted by the pre-sentence report.

Even if the district court had advanced a rationale, the condition was simply not reasonably related to the factors that the sentencing judge is authorized to consider. There was no justification given for the condition, because the offense of conviction–Engaging in a Child Exploitation Enterprise--was not

29

related to a mental health issue. There is no evidence in the record indicating he needs mental health treatment. The probation report specifically states that the 21-year-old defendant has "no history" of mental health issues, and even appeared "polite and cooperative" (J. A. 105, ¶'s 121-122). *Compare United States v. Pruden*, 398 F.3d 241, 250 (3d Cir. 2005)([W]e have no indication that there is in fact any need for mental health treatment. Again, the PSR does not report any need for mental health treatment.").

Nor does the condition implicate Appellant's "history and characteristics." 18 U.S.C. § 3553(a)(1). *See Pruden*, 398 F.3d at 250 ("The only evidence of Pruden's 'history and characteristics' came from the PSR, which tends to show that Pruden has a generally good mental state with no history of mental illness.").

Finally, it was not reasonably necessary to accomplish the purposes of the sentence. *See* 18 U.S.C. § 3553(a)(2). Indeed, the Court believed the sentence was already unduly harsh, noting, "[q]uite frankly, if there were not a mandatory minimum, as bad as this conduct has been, given your age and the fact that you

30

don't have any criminal background, I would have sentenced a bit below it" (J. A. 56, 59). Yet this special condition of supervised release imposes yet another harsh and unnecessary burden on the defendant.

Absent a reason for the condition, the district court abused its discretion. *See United States v. Kent*, 209 F.3d 1073 (8th Cir. 2000)(requiring the defendant in a mail fraud case to undergo psychological or psychiatric counseling as a special condition of probation constituted an abuse of discretion); *United States v. Hopson*, 203 Fed. Appx. 230 (10th Cir. 2006)("In our view, this case is analogous to *United States v. Kent*, 209 F.3d 1073 (8th Cir. 2000). There, the Eighth Circuit concluded that requiring the defendant in a mail fraud case to undergo psychological or psychiatric counseling as a special condition of probation constituted an abuse of discretion.").

As a result of this abuse of discretion, the costs to both the defendant and the system are substantial, for a variety of reasons. First–and foremost–the court should not stigmatize a defendant, after serving a lengthy prison sentence, with the devastating, life-

31

long label that he is somehow mentally ill, in need of mental health treatment.

Second, the "imposition of a condition of supervised release creates significant costs for the probation system." *Pruden*, 398 F.3d at 250. "These costs include paying the professionals who evaluate and treat defendants. According to the National Treatment Database of the Office of Probation and Pretrial Services of the Administrative Office of the U.S. Courts, as of September 2004, a total of 10,216 post-conviction offenders received contracted mental health treatment services paid for by the Probation Office. The total mental health expenditures ran to $12,926,006, or some $ 1,265 per offender." *Id*. at 250 n. 4.

Third, defendant's non-participation, in a mental health program, for a condition he does not have, " ... can result in sanctions on the defendant for violation of the condition" *id*., and even result in his violation of supervised release, and return to prison.

The record does here simply does not establish that the condition is reasonably related to the nature and circumstances of

32

the offense, the history and characteristics of the defendant, under 18 U.S.C. § 3553(a)(1), or the purposes of sentencing, under 18 U.S.C. § 3553(a)(2). It should thus be vacated.

While defense counsel did not object, abuse of discretion, rather than plain error review, nonetheless applies because the failure to set forth the basis for the special condition of supervised release necessitates the vacation and remand of the matter to permit appellate review. *Cf. United States v. Worley*, 685 F.3d 404, 407 (4th Cir. 2012)("Worley contends that plain-error review does not apply to a district court's failure to explain why it imposed a particular condition because 'the failure to set forth the basis for such conditions necessitates the vacating and remand of the matter to permit appellate review.' * * * We need not determine whether to review the district court's decision for plain error or abuse of discretion because in this case the district court's imposition of the special conditions warrants reversal even under the more deferential standard.").

But even if plain error review applies, reversal is still warranted under this more exacting standard. *United States v.*

33

*Hammonds*, 495 Fed. Appx. 369, 370-371 (4ᵗʰ Cir. 2012)("As conceded by appellate counsel, however, Hammonds must establish plain error in the district court's imposition of his term of supervised release and the conditions imposed on that term. We conclude that Hammonds has failed to meet the demanding burden of establishing plain error for his term of supervised release or the imposed conditions."). Here, in contrast, Dumas has.

He must show that an error occurred, that the error was plain, and that the error affected his substantial rights. Once Dumas satisfies these requirements, this Court will exercise its discretion to address the errors where they substantially affect the fairness, integrity or public reputation of the proceedings. *United States v. Olano*, 507 U.S. 725, 732-37, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993). *United States v. Mackins*, 315 F.3d 399, 405-06 (4ᵗʰ Cir. 2003). Here, there was an error that was plain, or "obvious," *Olano*, 507 U.S. at 731-32, because the district court misapprehended the record, by ordering mental health treatment when the probation department found Dumas was perfectly

34

normal. This affected his substantial rights by mandating that a defendant with no history of mental illness still attend a program as if he needed one. This substantially affected the fairness of the proceedings, because the Court is placing its imprimatur on a wrongful act, which stigmatizes the defendant, and places him at risk of violating the term of his supervised release, and being returned to custody.

Because the district court imposed a special condition of supervised release that was flatly contradicted by the record, it committed plain error, warranting reversal.

## POINT IV

DESPITE DEFENSE COUNSEL'S PROTEST THAT, CONTRARY TO THE CLAIM IN THE PRE-SENTENCE INVESTIGATION REPORT, DUMAS WAS NOT A MEMBER OF A GANG, THE DISTRICT COURT FAILED TO RESOLVE THIS RULE 32(I)(3)(B) OBJECTION.

When the district Court asked if there were any "factual corrections ... or deletions" to the pre-sentence report, defense counsel said there was a "major one" (J. A. 53). After reading the pre-sentence report that Dumas had gang affiliations, namely, "Cold Blooded Cartel (CBC), which is an affiliation [sic] of the Bloods" (J. A. 80), counsel said " ... my client does dispute being a member of a gang ...." (J. A. 53). The Court said, "All right. Now, the guidelines as calculated by the Probation Office were based on an offense level of 46" (J. A. 53).

By objecting, Appellant preserved this issue for appellate review. Compliance with the Rules of Criminal Procedure are reviewed *de novo*. *United States v. Cereceres-Zavala*, 499 F.3d 1211, 1214 (10th Cir. 2007)("We review *de novo* the district court's compliance with the Federal Rules of Criminal

Procedure"); *United States v. White*, 492 F.3d 380, 414-15 (6th Cir. 2007)("We review the district court's compliance with Federal Rule of Criminal Procedure 32(I) *de novo*"). *Compare United States v. Brame*, 448 Fed. Appx. 364, 366 (4th Cir. 2011)(*citing United States v. Cook*, 550 F.3d 1292, 1297-98 (10th Cir. 2008)(holding that plain-error review applies where a defendant fails to make a Rule 32(i)(3)(B) objection in the district court).

When a specific objection is lodged, the district court is required to make factual findings when ruling on disputed sentencing issues. *See* Fed. R. Crim. P. 32(i)(3)(B)(providing that, at sentencing, the district court "must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary."). Here, that was not done. In fact, the district essentially court ignored counsel's request. *Compare United States v. Johnson*, 184 Fed. Appx. 746, 749 (10th Cir. 2006)(" ... in response to Johnson's objection, the government came forward with evidence from the Tulsa Gang Task Force of Johnson's membership and

involvement in the 54th Street Hoover Crips. Johnson did not challenge this evidence, so the court ruled in favor of the government.").

Here, in contrast, the district court never sustained or overruled the objection. *Compare United States v. Walker*, 29 F.3d 908, 912 (4th Cir. 1994)(upholding sentencing court's determination where court merely overruled objections without specific findings but court confirmed in the Statement of Reasons that it adopted findings in the presentence report).

While the purpose of the rule "is to ensure that a record is made as to how the district court ruled on any alleged inaccuracy in the PSR," *United States v. Walker*, 29 F.3d 908, 911 (4th Cir. 1994), here that did not occur. No argument was entertained, and no record was made, hence precluding both a reasoned basis for a decision by the district court and appellate review by this court.

Clearly, in making these required findings, "the district court may expressly adopt the recommended findings contained in the presentence report," *United States v. Morgan*, 942 F.2d 243, 245 (4th Cir. 1991), but it never did. The district court simply

38

overlooked the objection, and chose, instead, to address the offense level (J. A. 53).

In bypassing the gang objection to fix the offense level, the district court never "ma[d]e clear on the record that it has made an independent finding and that its finding coincides with the recommended finding in the presentence report." *Id*.; *Compare United States v. Chandia*, 675 F.3d 329, 334 (4th Cir. 2012)("Although we explained that the court could adopt the PSR's findings, it was required to make clear on the record that it has made an independent finding")(internal quotation marks omitted).

While the district court had the right to satisfy Rule 32(i)(3)(B) by "simply adopt[ing] the findings contained in [the] PSR, provided that [the court] makes clear which disputed issues were resolved by its adoption," *United States v. Bolden*, 325 F.3d 471, 497 (4th Cir. 2003)(internal quotation marks omitted), it did not do so.

So too the court could have adopted "the PSR's findings in *toto*" if "the context of the ruling makes clear that [it] intended

[by the adoption] to rule on each of the alleged factual inaccuracies." *Walker*, 29 F.3d at 911 (holding that the district court's statement from the bench that it overruled the objections filed by the defendant, taken together with the court's Statement of Reasons form, satisfied Rule 32 because it demonstrated that the court was adopting each of the PSR's findings)(internal quotation marks omitted). But it did not do this either. It never addressed or overruled Dumas's objection; nor could it, without requesting any argument on the issue.

Clearly, a district court "need not articulate [findings] as to disputed factual allegations with minute specificity." *United States v. Bolden*, 325 F.3d 471, 497 (4th Cir. 2003)(internal quotation marks and citation omitted). But it also cannot ignore an objected-to factual allegation.

While the district court did respond to counsel's objection by saying "[a]ll right," that is not a ruling on the dispute, because it is unclear if the district court accepted or rejected probation's claim that Appellant was in a gang. The mere fact that the Court immediately began talking about the guidelines, as calculated by

40

the Probation Office (J. A. 53), tends to indicate it gave no thought to resolving this objection. *Compare United States v. Tolbert*, 459 Fed. Appx. 541, 547 (6th Cir. 2012)("it was reasonable for the district court to find[,] by a preponderance of the evidence[,] that Tolbert was a member of a street gang.").

In any event, the words "all right" are simply a colloquialism that means the Court acknowledged an objection had been interposed--not that it took the subsequent steps of deliberating on, and resolving the challenged portion of the pre-sentence report.

Regardless of its acknowledgment of an objection, the district court never fulfilled its Rule 32 obligation by ruling on the dispute, or determining that a ruling was unnecessary either because the matter would not affect sentencing, or because the court would not consider the matter in sentencing. *See United States v. Lispscomb*, 494 Fed. Appx. 314, 315-316 (4th Cir. 2012)(Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure requires a district court "-for any disputed portion of the presentence report or other controverted matter-[to] rule on

41

the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.").

It is insufficient to argue that, because Appellant faced a mandatory minimum sentence, that relieved the district court of its Rule 32 obligations, because gang affiliation in a pre-sentence report can determine where the defendant will serve his sentence and his eligibility or need for specific correctional programs. *United States v. Johnson*, 184 Fed. Appx. 746, 748 (10th Cir. 2006)("The court agreed with the probation officer that Johnson's gang membership was 'significant' and appropriate for inclusion in the PSR because (1) 'gang members are more likely to engage in criminal activity and perhaps related violence than ordinary citizens' and (2) 'prison staff members will need to be aware of his gang membership to deal with separate issues in the prison setting.'"). *See also* http://en.wikipedia.org/wiki/Presentence investigation_report ("Thereafter, if a defendant is incarcerated, the Bureau of Prisons or State Department of Corrections will use information in the report to designate the institution where the

42

offender will serve the sentence and determine the offender's eligibility or need for specific correctional programs.").

Because the district court's ruling was insufficient under Rule 32(i)(3)(B), the sentence should be vacated and remanded.

CONCLUSION

FOR THE REASONS STATED IN POINT I, THE
APPELLATE WAIVER IS UNENFORCEABLE;
FOR THE REASONS STATED IN POINT II, THIS
COURT SHOULD HEAR THE APPEAL, BUT, IF
IT DEEMS THE NOTICE OF APPEAL
UNTIMELY, SHOULD HOLD THE APPEAL IN
ABEYANCE, PENDING A *STRICKLAND*-BASED
§2255 PETITION BECAUSE TRIAL COUNSEL'S
FAILED TO FILE A NOTICE OF APPEAL,
DESPITE A REQUEST TO DO SO, AND, FOR
THE REASONS STATED IN POINTS III AND IV,
APPELLANT'S SENTENCE SHOULD BE
VACATED AND REMANDED.


Dated: December 26, 2013
     Uniondale, New York


*/s/ Arza Feldman*
Arza Feldman
Feldman & Feldman

44

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

   *v.*

JOSHUA JACQUIS DUMAS,

        *Defendant-Appellant.*

_____

## REQUEST FOR ORAL ARGUMENT

    Appellant will either orally argue or waive oral argument

at the pleasure of the Court.


                */s/ Arza Feldman*
                Arza Feldman

45

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

═══════════════════════════

UNITED STATES OF AMERICA,

       *Plaintiff-Appellee,*

   *v.*

JOSHUA JACQUIS DUMAS,

       *Defendant-Appellant.*

═══════════════════════════

CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND
 LENGTH LIMITS PURSUANT TO FRAP 32(A)(7)(c)

      I, Arza Feldman, hereby certify that, pursuant to Rule 32 of

the Federal Rules of Appellate Procedure, while this brief

exceeds 30 pages, it does not exceed 1,300 lines or 14,000 words.

Rather, it contains 45 pages, 862 lines and 7, 654 words.

                        */s/ Arza Feldman*
                        Arza Feldman

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

  *v.*

JOSHUA JACQUIS DUMAS,

        *Defendant-Appellant.*

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

     I affirm, under penalties of perjury, that, on December 26, 2013 we caused Lantagne Legal Printing to serve a copy of Appellant's brief and appendix by first class, United States mail, on Michael J. Frank, Assistant United States Attorney, Eastern District of Virginia, Justin W. Williams United States Attorney's Building, 2100 Jamieson Avenue, Alexandria, VA 22314, and on Joshua Jacquis Dumas, 81478-083, FCI Edgefield, 501 Gary Hill Road, Edgefield, SC 29824.

                              */s/ Arza Feldman*
                              Arza Feldman

47